David M. Axelrod, M.D. Commissioner, New York State Department of Health
You have asked whether members of local emergency planning committees established pursuant to the Federal Superfund Amendments and Reauthorization Act of 1986 can be considered State employees entitled to defense and indemnification under section 17 of the Public Officers Law.
The purpose of Title III of the Federal Superfund Amendments and Reauthorization Act of 1986 (SARA, Title III) is to enable state and local governments to respond efficiently to "hazardous material incidents" — i.e., incidents involving the release of toxic chemicals or other hazardous materials into the environment, creating a threat to the public health and safety. Title III charges the governor of each state with certain duties to carry out the state's obligations under the Act.
The Governor must establish a State emergency response commission, to consist of persons having expertise in the emergency response field (42 U.S.C. § 11001[a]). SARA provides that the commission may consist of an already-existing emergency response organization (ibid.). In accordance with these provisions, the Governor designated the State Disaster Preparedness Commission to carry out the requirements of SARA (Executive Order No. 95, April 15, 1987). The State Disaster Preparedness Commission is established pursuant to article 2-B of the Executive Law and is part of the Executive Department (Executive Law, § 21).
The commission, in turn, is charged with the duty of establishing emergency planning districts throughout the State, "in order to facilitate preparation and implementation of emergency plans" (42 U.S.C. § 11001[b]). SARA specifically provides that the geographical boundaries of existing political subdivisions may be designated as the emergency planning districts (ibid.). In New York, the State committee has designated the area encompassed in each county to serve as an emergency planning district, with the exception of the counties of New York City, which together make up one district.
SARA requires the State committee to appoint members to a local emergency planning committee (LEPC) to serve each emergency planning district (42 U.S.C. § 11001[c]). The LEPC must include representatives from each of the following groups: (a) elected State and local officials; (b) law enforcement, civil defense, firefighting, first aid, health, local environmental, hospital and transportation personnel; (c) broadcast and print media; (d) community groups; and (e) owners and operators of facilities subject to the requirements of SARA (ibid.). The State committee, in making these nominations, has solicited input from county executives as to qualified persons within the county who are willing and able to serve on LEPCs (June 16, 1987 Letter of David Axelrod, M.D., Chairman, NYS Disaster Preparedness Commission).
The LEPCs have two main functions: the identification of hazardous materials in use within the region and the preparation and implementation of a comprehensive emergency response plan in the event of a release of hazardous materials (42 U.S.C. § 11003, 11021).
In order to identify hazardous materials, the local committees have the power to request information by means of "material safety data sheets" from private facilities, corporations and institutions as to what materials are in use (42 U.S.C. § 11003[d], 11021). In the event that the information is not provided, the local committee may commence a civil suit to obtain the required information (id., § 11046[a][2]).
The "comprehensive emergency response plans" are intended to provide a detailed response in the event of the release of hazardous material (42 U.S.C. § 11003). Each plan must: (a) identify those facilities which use hazardous materials; (b) provide methods and procedures to be followed by facility operators and local emergency and medical personnel in the event of the release of hazardous materials; (c) designate a community emergency coordinator and a facility emergency coordinator to implement the plan; (d) provide procedures for timely and effective notification of persons designated to carry out the emergency plan and to members of the public; (e) establish methods for determining whether a release of hazardous materials has occurred; (f) include a description of the available emergency equipment and facilities; (g) provide evacuation plans, including primary and alternate traffic routes; (h) establish training programs for local emergency response and medical personnel; and (i) contain methods and schedules for practice exercises regarding the emergency plan (42 U.S.C. § 11003[c]). In addition, the local committee must provide annual notice to the public as to the status of the emergency plan and the inventory of hazardous materials within the district. The committee must hold public meetings with regard to development of the plan (id., § 11021[e]). Each local plan coordinates the activities of State, local and Federal emergency response agencies, all of whom play a role in the response to an emergency situation.
The State committee, in addition to appointing LEPC members, reviews the emergency response plan for each district (42 U.S.C. § 11003[e]). The State committee coordinates each district's plan with the plans of other districts, to ensure a consistent, efficient response to emergency situations (ibid.).
It is our understanding that under the guidelines established by the State committee, LEPCs receive guidance and any necessary training from the State committee. Local governments, including the county and municipalities within the county, are not required to participate or make any contribution to LEPC activities.
Section 17 of the Public Officers Law provides for defense and indemnification of State "employees", defined as "any person holding a position by election, appointment or employment in the service of the state" (Public Officers Law, § 17[1][a]). LEPC members are appointed by the State committee which is a division of the Executive Department. SARA and the State guidelines do not require LEPCs to take the form of any particular legal entity, such as public authority, not-for-profit corporation or public benefit corporation. Rather, LEPCs are unincorporated entities created by and carrying out the directives of the Executive Department under Federal law. LEPCs have no legal affiliation with counties or other local governments. Their boundaries merely coincide with counties outside New York City and in the case of New York City, the LEPC is coterminous with its boundaries. In our view, LEPCs are entities of the State.
Further, we note that local committee members, by creating, implementing and enforcing compliance with emergency plans provide a valuable public service. With the proliferation of hazardous materials in today's industrial society, the role of local committees affects all citizens. By tracking the presence of hazardous materials within the district, and establishing protocols in the event of an accident, a local committee clearly serves and benefits the communities within the district. In performing their roles, local committees act as surrogates of the State committee, which sets State-wide guidelines for emergency response and coordinates all emergency response plans created by the local committees. In this way, emergency actions at the local, State and Federal levels are coordinated to ensure an efficient response to an incident, and to avoid the various agencies working at cross purposes. Furthermore, industrial accidents of this type have an impact far beyond the immediate area. Any accident involving hazardous materials has the potential for far-reaching geographic, ecological, political and financial effects. Thus, the efforts of a local committee are part of a State-wide, coordinated emergency response effort. In our view, local committee members are appointed "in the service of the state" for purposes of section 17, and accordingly are entitled to defense and indemnification.
Finally, we note that although municipal officials may be LEPC members, they do not join at the request of or to represent their municipalities. They are appointed by the State committee as a group required to be represented on the LEPC. We believe that these LEPC members are in the service of the State and, therefore, are covered by section 17.
We conclude that members of local emergency planning committees established pursuant to the Federal Superfund Amendments and Reauthorization Act of 1986 are State employees for purposes of defense and indemnification under section 17 of the Public Officers Law.